UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

----------------------------------------X
:
MARY E. CHAMBERS,                       :   Civil Action No: 1:14- cv-02032
         Plaintiff,                     :
                                        :
         - against -                    :
                                        :   JURY TRIAL DEMAND
DISTRICT OF COLUMBIA,                   :
                                        :   AMENDED COMPLAINT
         Defendant.                     :
                                        :
----------------------------------------X

COMES NOW, Plaintiff Mary E. Chambers and brings this action against Defendant District of Columbia for discrimination based on Sex (female), Age (over the age of 40 years) and Retaliation because Plaintiff Mary E. Chambers filed a charge of discrimination against Defendant District of Columbia because Defendant District of Columbia engaged in various unlawful employment actions against Plaintiff Mary E. Chambers designed to discriminate against her, to continuously intimidate and harass her, to place her in a hostile work environment and then label her as a whistleblower, to place her in fear for her life because she objected to and opposed certain unlawful employment practices.

    1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337 and 1343. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, (Title VII), 42 U.S.C. §§ 2000e-5(f)(1) and (3), Section 704 (a) of Title VII, 42 U.S.C. §2000e-3(a), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the Age Discrimination in Employment Act (ADEA).

    2.    Plaintiff Mary E. Chambers, an African American Female, a resident of the

United States of America, and an employee of Defendant District of Columbia, who currently resides in the District of Columbia.

3. Defendant District of Columbia is a government or municipality with various departments and offices, including the Office of the Attorney General, which is a cabinet-level office that provides legal representation to Defendant District of Columbia departments, offices and divisions. Plaintiff Mary E. Chambers is employed as a Support Enforcement Specialist in Defendant District of Columbia's Office of the Attorney General's Child Support Services Division.

4. Defendant District of Columbia has continuously had more than fifteen (15) employees.

5. Defendant District of Columbia, at all relevant times, has continuously been an employer engaged in an industry affecting commerce under Section 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6. Defendant District of Columbia, at all relevant times, has been a covered entity under Section 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

7. Plaintiff Mary E. Chambers and Defendant District of Columbia are subject to the jurisdiction of this court in this matter.

8. Plaintiff Mary E. Chambers, more than thirty (30) days prior to the institution of this lawsuit, filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging violations of Title VII and the ADEA. The EEOC issued Plaintiff Mary E. Chambers a notice of right to file a lawsuit in the United States District Court, pursuant to EEOC Charge No. 570-2011-00598. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Plaintiff Mary E. Chambers filed a charge of discrimination against Defendant District of Columbia in 2011 and Defendant District of Columbia was served with that charge of discrimination and has had actual knowledge of Plaintiff Mary E. Chambers charge of discrimination.

10. Plaintiff Mary E. Chambers alleged in EEOC Charge No. 570-2011-00598 that Defendant District of Columbia discriminated against her based on her sex (female), Age (over the age of 40 years), and retaliated against her because she opposed Defendant District of Columbia's discriminatory employment practices of permitting male employees under the age of 40 years to transfer to other departments and received incentive awards and special awards after their transfers but denied Plaintiff Mary E. Chambers and another female employee the same opportunity to transfer to other units or receive incentive awards and special awards. Plaintiff Mary E. Chambers also alleged that a male co-worker had communication and performance issues with customers but was not disciplined but Plaintiff Mary E. Chambers was disciplined because she had filed a charge of employment discrimination with the EEOC. Plaintiff Mary E. Chambers was issued a Notice of Right to Sue by the EEOC on EEOC Charge No. 570-2011-00598 and she instituted this lawsuit.

11. Plaintiff Mary E. Chambers is employed at the Defendant District of Columbia in its Office of the Attorney General as a Support Enforcement Specialist. Plaintiff Mary E. Chambers has been subjected to harassment and intimidation and a hostile work environment because she filed a charge of employment with the EEOC. For example, Plaintiff Mary E. Chambers was out on Family Medical Leave from October 2011 until February 2012. During that time, Defendant District of Columbia's Family Medical Leave Act Coordinator, Tarifah Coaxum delayed the processing of Plaintiff Mary E. Chambers' medical leave by stating that

while the medical certification from Plaintiff Mary E. Chambers' doctor had been received with the doctor's medical notes explaining her medical condition, the medical certification was being returned to Plaintiff Mary E. Chambers because Defendant District of Columbia's Family Medical Leave Coordinator Tarifah Coaxum alleged that she was unable to read Plaintiff Mary E. Chamber's doctor's handwriting. Defendant District to Columbia's Family Medical Leave Act Coordinator Tarifah Coaxum, however, had previously accepted the handwriting and notes of the doctor for Plaintiff Mary E. Chambers' family medical leave application submitted for the medical care of her sick brother. Plaintiff Mary E. Chambers believes that because the doctor's handwriting and notes from her brother's doctor were more difficult to read than Plaintiff Mary E. Chambers' doctor's handwriting and notes that Defendant District to Columbia's Family Medical Leave Coordinator Tarifah Coaxum action of returning her family medical leave to her request was an act of retaliation. Plaintiff Mary E. Chambers' family medical leave request was therefore delayed while the family medical leave request for her brother's care was not delayed. Plaintiff Mary E. Chambers experienced stress and anxiety because she was requested to direct her doctor to resubmit the medical certification making his writing legible for Tarifah Coaxum to read so that Tarifah Coaxum could allegedly determine whether or not Plaintiff Mary E. Chamber's medical condition qualifies for medical leave under the Family Medical Leave Act. Plaintiff Mary E. Chambers believes, based on information she has received, that Defendant District of Columbia through its Family Medical Leave Act Coordinator Tarifah Coaxum retaliated against Plaintiff Mary E. Chambers because Plaintiff Mary E. Chambers objected to and opposed Defendant District of Columbia's unlawful employment practices.

12.   Plaintiff Mary E. Chambers obtained a report from her professional counselor Joy D. Berry, MA, LPC, which recommended that Plaintiff Mary E. Chambers be removed from

Defendant District of Columbia's Office of the Attorney Counsel's Child Support Services Division and placed into another unit within Defendant District of Columbia's Office of the Attorney General's Child Support Services Division so that she could be removed from the stress related illnesses that she was experiencing. Although Plaintiff Mary E. Chambers was enrolled in COPE Inc., and Defendant District of Columbia received the recommendation from the professional counselor that Plaintiff Mary E. Chambers should be allowed to transfer to another unit because of the stress related illnesses, Defendant District of Columbia through its Office of the Attorney General's Child Support Services Division failed and refused to permit Plaintiff Mary E. Chambers to transfer to another unit. Plaintiff Mary E. Chambers believes that Defendant District of Columbia failed and refused to permit her transfer because she filed a charge of discrimination with the EEOC objecting to and opposing Defendant District of Columbia's unlawful employment practices. For example, Defendant District of Columbia did not even attempt to conduct an investigation or attempt to accommodate Plaintiff Mary E. Chambers by temporarily removing her from the hostile work environment. Because Defendant District of Columbia had labeled Plaintiff Mary E. Chambers as a whistleblower because she had filed a charge of discrimination with the EEOC, it just totally ignored Plaintiff Mary E. Chambers' requests to be removed from the hostile work environment.

13. Plaintiff Mary E. Chambers believes that Defendant District of Columbia continued to discriminate against her by failing and refusing to authorize a desk audit on her Support Enforcement Specialist position, although she was the only Support Enforcement Specialist working in Defendant District of Columbia's Office of the Attorney General that performed a full case load of 26 cases that were timely processed and completed. Plaintiff Mary E. Chambers believes, because she had the full case load of 26 full alphabet cases while her

co-workers only had a case load of five (5) to seven (7) alphabet cases that if Defendant District of Columbia had authorized the desk audit on her Support Enforcement Specialist position her Support Enforcement Specialist position would have been upgraded and she would have received a promotion.  Plaintiff Mary E. Chambers believes that the reason Defendant District of Columbia failed and refused to authorize the desk audit on her Support Enforcement Specialist position was because she objected to and opposed Defendant District of Columbia's unlawful employment practices by filing a charge of discrimination with the EEOC.

14. Plaintiff Mary E. Chambers believes that Defendant District of Columbia continued its discrimination and retaliation against her by willfully failing and refusing to properly process her pay checks.  For example, on February 22, 2014, Defendant District of Columbia willfully failed to properly and correctly submit Plaintiff Mary E. Chamber's time cards correctly into the system so that her salary check would be generated. Plaintiff Mary E. Chambers believes that this was willful and a continuation of the harassment and intimidation she has continued to experience because she filed a complaint of employment discrimination with EEOC. Plaintiff Mary E. Chambers later determined that her time cards had been sitting on the desk of Defendant District of Columbia's Office of the Attorney General's Project Payroll Manager/Family Medical Leave Act Coordinator, Danielle Coleman.

15. Plaintiff Mary E. Chambers believes that Defendant District of Columbia continued with its discrimination and retaliation against her by failing and refusing to properly process Plaintiff Mary E. Chambers' pay check for the pay period of March 24, 2014.   For example, Defendant District of Columbia willfully failed to properly and correctly submit Plaintiff Mary E. Chamber's time cards correctly into the system again so that her generated salary check was less than the amount that Plaintiff Mary E. Chambers should have received.

Plaintiff Mary E. Chambers believes that this shortage of hours was willful and a continuation of the harassment and intimidation Plaintiff Mary E. Chambers has continued to experience because she filed a complaint of employment discrimination with EEOC. Although Plaintiff Mary E. Chambers notified Defendant District of Columbia of the payroll processing problems Defendant District of Columbia failed and refused to correct the problem. Plaintiff Mary E. Chambers believes that the failure and refusal to correct the payroll processing problems was willful and a continuation of the harassment and intimidation she has continued to experience because she filed a charge of employment discrimination with EEOC.

16. Plaintiff Mary E. Chambers has experienced stress related illnesses as a result of the sex, age and the retaliation she has experience. These stress related illnesses has caused and continue to cause Plaintiff Mary E. Chambers to make frequent doctor visits to alleviate the stress and pain. Plaintiff Mary E. Chambers also participated in COPE therapy as a result of the stress brought on by Defendant District of Columbia's failure and refusal to address and to correct its discriminatory employment practices and retaliation.

17. Therefore, Plaintiff Mary E. Chambers is seeking to recover back pay, the loss of her current and future income and payment for the pain and suffering she has experienced from the harassment, intimidation and hostile work environment. Plaintiff Mary E. Chambers is also seeking her attorney's fees and costs for having to bring this lawsuit and to address Defendant District of Columbia's discriminatory employment practices, including the retaliation, harassment, intimidation and the hostile work environment she has had to endure.

WHEREFORE, Plaintiff Mary E. Chambers prays that this Court:

(a) Award Plaintiff Mary E. Chambers Judgment against Defendant District of Columbia based on sex, age, a hostile work environment and retaliation in the amount of

$350,000;

    (b) Award Plaintiff Mary E. Chambers the back pay that she lost because of Defendant District of Columbia's discrimination against her when it failed and refused to correctly and properly process her paychecks;

    (c) Award Plaintiff Mary E. Chambers damages because of Defendant District of Columbia's retaliation against her;

    (d) Award Plaintiff Mary E. Chambers injunctive relief against Defendant District of Columbia for the hostile work environment and retaliation she had to endure;

    (e) Award Plaintiff Mary E. Chambers her costs of this action and a reasonable attorney's fee;

    (f) Award Plaintiff Mary E. Chambers such other and further relief as this Court may deem proper, just and necessary to make Plaintiff Mary E. Chambers whole and to prevent Defendant District of Columbia from further violations of Title VII and the ADEA.

## JURY TRIAL DEMAND

Plaintiff Mary E. Chambers Demands a Jury Trial on all questions of facts raised by this amended complaint.

## AFFIDAVIT

I hereby swear and affirm that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 12th Day of November, 2015

                                            /s/ Mary E. Chambers
                                            Plaintiff Mary E. Chambers

Dated this 12th[th] Day of November, 2015

                                                  Respectfully submitted,

                                                  LAW OFFICES OF JOHNNIE LOUIS
                                                  JOHNSON III LLC,

                                                  By: /s/ Johnnie Louis Johnson III
                                                       Johnnie Louis Johnson III (DC Bar No. 235614)
                                                 Attorney for Plaintiff Mary E. Chambers
                                                 11644 Mediterranean Court
                                                 Second Level
                                                 Reston, Virginia  20190-3401
                                                 703.471.0848 (Voice)
                                                 704.471.0478 (Facsimile)
                                                 jljmed@aol.com (Electronic Mail)
                                                 johnnie@jljohnson3law.com (Electronic Mail)