UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MARY E. CHAMBERS,                   )
                                    )
           Plaintiff,               )
                                    )
    v.                              )   Civil Action No. 14-2032 (RBW)
                                    )
DISTRICT OF COLUMBIA,               )
                                    )
           Defendant.               )
_____)

**MEMORANDUM OPINION**

The plaintiff, Mary E. Chambers, filed her amended complaint against the defendant, the District of Columbia (the "District"), on November 13, 2015, alleging that the District retaliated against her for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in 2011, discriminated against her on the basis of her gender and age, and created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 to -17 (2012) ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 623 (2012) ("ADEA").[1]  Amended Complaint ("Am. Compl.") ¶¶ 1, 10–15. Currently before the Court is Defendant the District of Columbia's Motion to Dismiss the Amended Complaint or, in the Alternative, Motion for Summary Judgment ("Def.'s Mot.").

---

[1] The plaintiff also alleges a violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).  See Am. Compl. ¶ 1. Section 1981(a), however, only "proscribe[s] discrimination in the making or enforcement of contracts against, or in favor of, any race."  Gratz v. Bollinger, 539 U.S. 244, 276 n.23 (2003) (emphasis added); see also 42 U.S.C. § 1981(a) ("All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.").  Nowhere in her Amended Complaint does the plaintiff allege discrimination based on race, or include any reference to race whatsoever.  See generally Am. Compl.  Accordingly, the Court will dismiss without prejudice any claims of discrimination asserted by the plaintiff pursuant to § 1981(a).

Upon careful consideration of the parties' submissions,[2] the Court concludes for the following reasons that it must grant the District's motion.

## I.     BACKGROUND

The plaintiff is a Support Enforcement Specialist in the Child Support Services Division of the District's Office of the Attorney General. Am. Compl. ¶ 3. According to the plaintiff, the Office of the Attorney General

> permitt[ed] male employees under the age of 40 years to transfer to other departments and receive[] incentive awards and special awards after their transfers[,] but denied [the plaintiff] and another female employee the same opportunity to transfer to other units or receive incentive awards and special awards. . . . [A] male co-worker had communication and performance issues with customers but was not disciplined[,] but [the plaintiff] was disciplined because she had filed a charge of employment discrimination with the EEOC.

Id. ¶ 10.

On March 4, 2011, the plaintiff filed a charge of discrimination with the EEOC and the District's Office of Human Rights, alleging that she was discriminated against based on her gender and retaliated against for filing a prior charge of discrimination in August 2010.[3] Def.'s Mot., Exhibit ("Ex.") 1 (Charge of Discrimination No. 570-2011-00598) at 3. On August 14, 2014, the EEOC mailed to the plaintiff a Dismissal and Notice of Rights, in which the plaintiff was informed that "the EEOC [wa]s closing its file on th[e] charge[s she had filed] . . . [because,

---

[2] In addition to the filings previously identified, the Court considered the following submissions in reaching its decision: (1) the District's Memorandum of Points and Authorities in Support of Defendant the District of Columbia's Motion to Dismiss the Amended Complaint or, in the Alternative, Motion for Summary Judgment ("Def.'s Mem."); (2) Plaintiff Mary Elizabeth Chambers' Memorandum in Opposition to Defendant District of Columbia's Motion to Dismiss the Amended Complaint and Objection to the Motion for Summary Judgment ("Pl.'s Opp'n"); and (3) the Defendant's Reply in Support of its Motion to Dismiss or for Summary Judgment ("Def.'s Reply").

[3] In her Amended Complaint, the plaintiff states that she "alleg[ed] violations of Title VII and the ADEA" and discrimination based on gender, age, and retaliation in her charge of discrimination, Am. Compl. ¶¶ 8, 10, but on that document, the plaintiff checked only the boxes for discrimination under Title VII, not the ADEA, see Def.'s Mot., Ex. 1 (Charge of Discrimination No. 570-2011-00598) at 1, and checked only the boxes for discrimination based on "sex" and "retaliation," not the box for "age," see id., Ex. 1 (Charge of Discrimination No. 570-2011-00598) at 3.

2

b]ased upon its investigation, the EEOC [wa]s unable to conclude that the information obtained establishes violations of the statutes." Complaint ("Compl."), Ex. 1 (Dismissal and Notice of Rights No. 570-2011-00598) at 1.

On November 20, 2014, the plaintiff filed her Complaint in this case.[4] Id. at 1. On October 23, 2015, the Court granted the District's[5] motion to dismiss all of the plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), but did so without prejudice. Order at 1–2 (Oct. 23, 2015), ECF No. 15. Specifically, the Court noted that it was "unable to discern a factual predicate for any of the plaintiff's claims," id. at 4, and offered the plaintiff the opportunity to amend her Complaint, id. at 10. The plaintiff then filed her Amended Complaint on November 13, 2015, alleging discrimination based on gender and age, the creation of a hostile work environment, and retaliation. Am. Compl. ¶¶ 1, 10–15.

## II.    STANDARD OF REVIEW

A Rule 12(b)(6) motion tests whether a complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint, conclusory

---

[4] This case was originally filed in the United States District Court for the District of Maryland, which transferred the case to this Court. See Compl. at 1. Although the plaintiff was initially representing herself, she is now represented by counsel.

[5] The plaintiff filed her original Complaint against the District of Columbia Office of the Attorney General and Irvin Nathan, in his prior official capacity as the Attorney General of the District of Columbia. See Compl. at 1. The plaintiff filed her Amended Complaint against only the District of Columbia. See Am. Compl. at 1.

allegations "are not entitled to the assumption of truth." Id. at 679. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). "In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (citation omitted).

### III.   ANALYSIS

**A.   The Plaintiff's Age Discrimination & Hostile Work Environment Claims**

The District moves to dismiss the plaintiff's age discrimination claim, contending that she failed to exhaust her administrative remedies as to this claim. See Def.'s Mem. at 4. Specifically, the District argues that the plaintiff's age discrimination claim fails as a matter of law because she did not include it in her administrative charge of discrimination, as "[t]here is no claim, explicit or implied, in the [c]harge of [d]iscrimination relating to age." Id. The Court agrees with the District that the plaintiff did not exhaust her administrative remedies as to her age discrimination claim, and further concludes that the plaintiff failed to exhaust her administrative remedies as to her hostile work environment claim as well.[6]

---

[6] The Court notes that, in support of its motion to dismiss, the District attached as an exhibit the plaintiff's charge of discrimination, see Def.'s Mot., Ex. 1 (Charge of Discrimination No. 570-2011-00598) at 1–3, which is not incorporated in the plaintiff's Amended Complaint, see generally Am. Compl. The defendant has moved to dismiss the plaintiff's Amended Complaint or, in the alternative, for summary judgment. See Def.'s Mot at 1. The Court is limited in its consideration of a Rule 12(b)(6) motion to "the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice," Abhe, 508 F.3d at 1059. If "matters outside the pleadings are presented to and not excluded by the court, the motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). Where, as here, the defendant alleges a failure to exhaust administrative remedies under the ADEA, the Court, in addition to the pleadings, may consider the plaintiff's charge of discrimination without converting the motion to dismiss because this document is "a public document of which a court may take judicial notice." Ahuja v. Detica Inc., 742 F. Supp. 2d 96, 103 (D.D.C. 2010) (citation omitted); see also Abhe, 508 F.3d at 1059 (stating that a court may properly consider "matters of which it may take judicial notice" when resolving a Rule 12(b)(6) motion). Accordingly, because the Court considers the charge of discrimination for the sole purpose of determining whether these claims should be dismissed because the plaintiff failed to exhaust her administrative remedies, the Court need not to convert the District's motion to dismiss into a motion for summary judgment.

"Before suing under either the ADEA or Title VII, an aggrieved party must exhaust his [or her] administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged discriminatory incident." Washington v. Wash. Metro. Area Transit Auth., 160 F.3d 750, 752 (D.C. Cir. 1998). "[A]s the D.C. Circuit has emphasized: 'Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge.'" Singleton v. Potter, 402 F. Supp. 2d 12, 32 (D.D.C. 2005) (quoting Marshall v. Fed. Express Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997)). This exhaustion requirement is not a "mere technicality," but "serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision." Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995) (alteration in original) (internal quotation marks omitted).

The Court concludes that the plaintiff's age discrimination and hostile work environment claims must be dismissed because her "charge not only lacks the words 'hostile work environment' [and 'age discrimination,'] but also lacks any factual allegations supporting such [ ] claim[s]." Id. at 908. In her charge of discrimination, the plaintiff alleged only that (1) male co-workers were treated more favorably with regard to discipline and department transfers; and (2) the plaintiff was retaliated against when her "caseload was taken from [her] and [she] was reassigned to another unit without . . . proper training." Def.'s Mot., Ex. 1 (Charge of Discrimination No. 570-2011-00598) at 3. Therefore, the plaintiff's charge of discrimination lacks any reference to age discrimination or a hostile work environment. See id., Ex. 1 (Charge of Discrimination No. 570-2011-00598) at 3.

Nevertheless, the plaintiff contends that the inclusion in the charge of discrimination of her date of birth and the year she was hired by the District sufficed to put the District on notice that she was alleging age discrimination. Pl.'s Opp'n at 4. The Court disagrees that the inclusion of this information put the District on notice of a claim of age discrimination, particularly given the fact that the plaintiff concluded her allegations by designating the specific type of discrimination she believed she had suffered, without mentioning age discrimination or saying anything about having been subjected to a hostile work environment, see Def.'s Mot., Ex. 1 (Charge of Discrimination No. 570-2011-00598) at 3 ("I believe I have been discriminated against based on my sex (Female) and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended."); see also Park, 71 F.3d at 908 (concluding that a statement alleging discrimination based on national origin "cannot be read to encompass a hostile work environment claim").

Finally, the plaintiff argues that the District's argument regarding her alleged failure to exhaust administrative remedies as to her age discrimination claim is erroneous because the plaintiff "filed an additional charge of employment discrimination with the EEOC [in 2016] in which she alleged acts of retaliation and disability discrimination," Pl.'s Opp'n at 3; see also id., Ex. 1 (Charge of Discrimination No. 570-2016-01667) at 1, and that she "inten[ds] to amend the Amended Complaint to include these additional allegations of employment discrimination," id. at 3. This 2016 charge of discrimination, however, only alleges discrimination based on disability and retaliation, and does not contain any factual allegations regarding age discrimination or a hostile work environment. See id., Ex. 1 (Charge of Discrimination No. 570-2016-01667) at 1 (alleging disability discrimination and a breach of confidentiality regarding the plaintiff's disability status). Accordingly, even if the plaintiff subsequently

amends her Amended Complaint to include the allegations of discrimination included in the 2016 charge of discrimination, that amendment would not cure the plaintiff's failure to exhaust her administrative remedies with respect to her current age discrimination and hostile work environment claims.  Therefore, the plaintiff's age discrimination and hostile work environment claims must be dismissed because the plaintiff did not file a charge of discrimination alleging age discrimination and a hostile work environment within 180 days of the alleged discriminatory incident.  See Washington, 160 F.3d at 752.  The Court will dismiss these claims with prejudice because "the allegation of other facts consistent with the [Amended Complaint] could not possibly cure the [failure to exhaust administrative remedies]."  Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (quoting Jarrell v. U.S. Postal Serv., 753 F.2d 1088, 1091 (D.C. Cir. 1985)); see also Demissie v. Starbucks Corp. Office & Headquarters, 19 F. Supp. 3d 321, 325 (D.D.C. 2014) (dismissing the plaintiff's Title VII claims with prejudice due to her failure to exhaust administrative remedies); Maggio v. Wisc. Ave. Psychiatric Ctr., Inc., 987 F. Supp. 2d 38, 42 (D.D.C. 2013) (dismissing the plaintiff's retaliation claim with prejudice due to his failure to exhaust his administrative remedies).

**B.     The Plaintiff's Retaliation Claim**

Title VII also makes it unlawful "for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e–3(a).  To plead unlawful retaliation, the plaintiff must allege sufficient facts from which it can be reasonably inferred that: (1) she engaged in protected activity opposing discrimination; (2) she suffered a materially adverse employment action by her employer; and (3) there was "a

7

causal link between the protected activity and the adverse action." Hamilton v. Geithner, 666 F.3d 1344, 1357 (D.C. Cir. 2012) (quoting Woodruff v. Peters, 482 F.3d 521, 529 (D.C. Cir. 2007)). "For purposes of establishing a prima facie case of retaliation, '[t]emporal proximity can indeed support an inference of causation, but only where the two events are very close in time.'" Id. (quoting Woodruff, 482 F.3d at 529). Although the Supreme Court has approved of circuit court decisions that found three and four months too temporally remote to establish causation, see Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273–74 (2001) (per curiam) (citations omitted) (noting that "the temporal proximity must be 'very close'" to establish causality), the District of Columbia Circuit "evaluate[s] the specific facts of each case to determine whether inferring causation is appropriate," Hamilton, 666 F.3d at 1358.

The District moves to dismiss the plaintiff's retaliation claim on the ground that the plaintiff failed to establish causation because the six-month period between March 4, 2011, the date the plaintiff filed her charge of discrimination, see Def.'s Mot., Ex. 1 (Charge of Discrimination No. 570-2011-00598) at 3, and October 2011, when the first alleged retaliatory action occurred, see Am. Compl. ¶ 11, is "too attenuated to even support an inference of retaliation," Def.'s Mot. at 7. In response, the plaintiff acknowledges the three elements required to establish a prima facie case of retaliation, see Pl.'s Opp'n at 18, but her only argument as to causality is her conclusory statement that "[t]here is a causal connection between these adverse employment actions [alleged in the Amended Complaint] and [the plaintiff's] protected activity," id. at 19. "But [the] plaintiff does not go on to identify any facts alleged in [her] complaint that could give rise to a[n inference of retaliation], and raising conclusory suspicions in an opposition to a motion [to dismiss] will not suffice." Diaby v. Bierman, 795 F. Supp. 2d 108, 112 (D.D.C. 2011) (dismissing without prejudice the plaintiff's cause of action to quiet title and cause of

action for wrongful foreclosure); see also Lempert v. Rice, 956 F. Supp. 2d 17, 29 (D.D.C. 2013) (granting the defendant's motion to dismiss the plaintiff's fraud claim because the plaintiff's "conclusory argument asserted in his opposition brief . . . is entirely without support"). Accordingly, the Court will dismiss the plaintiff's retaliation claim without prejudice.

### IV.    CONCLUSION

For the foregoing reasons, the Court concludes that it must dismiss with prejudice the plaintiff's claims of discrimination based on her age and hostile work environment because the plaintiff failed to exhaust her administrative remedies as to these claims by filing a charge of discrimination alleging age discrimination and a hostile work environment within 180 days of the alleged discriminatory incident, a deficiency that cannot be cured. The Court further concludes that it must dismiss without prejudice the plaintiff's claims of retaliation and a violation of 42 U.S.C. § 1981 because the plaintiff failed to plead a prima facie case as to these claims.[7]

**SO ORDERED** this 6th day of April, 2017.[8]

REGGIE B. WALTON
United States District Judge

---

[7] The District has withdrawn its argument seeking dismissal of the plaintiff's gender discrimination claim. See Def.'s Reply at 1.

[8] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.